IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAURA FICHTENMUELLER,

    Plaintiff,

v.    No. 2:25-cv-00848-KG-GJF

HAMPTON INN – DEMING/AMBIENCE
HOSPITALITY/DEMING LODGING,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, asserted a claim for racial discrimination against her former employer. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 29, 2025 ("Complaint"). Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). United States Magistrate Judge Gregory J. Fouratt notified Plaintiff the Court cannot order service because Plaintiff has not provided Defendant's address for service and ordered Plaintiff to file a notice which contains Defendant's address for service of a summons and the Complaint. *See* Order Regarding Address for Service, Doc. 5, filed September 2, 2025 (notifying Plaintiff that failure to timely provide Defendant's address for service may result in dismissal of this case). Plaintiff did not file a notice providing Defendant's service address by the September 23, 2025, deadline.

The Court dismisses this case without prejudice because Plaintiff did not comply with Judge Fouratt's Order. Rule 41(b) of the Federal Rules of Civil Procedure states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Gustafson v. Luke*, 696 Fed.Appx. 352,

354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

The Court finds that there is no prejudice to Defendant resulting from dismissal of this case because Defendant has not been served. Plaintiff's failure to file a notice providing Defendant's service address interferes with the judicial process. This case cannot proceed until Defendant is served. The Court finds Plaintiff is culpable and that other sanctions short of dismissal would likely not be effective because despite Judge Fouratt notifying Plaintiff that failure to timely file a notice with Defendant's service address may result in dismissal of this case, Plaintiff did not file a notice or otherwise respond to Judge Fouratt's Order. The Court finds that dismissal without prejudice is an appropriate sanction because: (i) dismissal with prejudice is a "severe sanction, a

2

measure of last resort;" (ii) the judicial system has a "strong predisposition to resolve cases on their merits;" and (iii) this case is in an early stage.

      **IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.